UNITED STATE DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES GUIDRY                                              CIVIL ACTION

VERSUS                                                   NO. 12-559-SDD-RLB

MURPHY OIL USA, INC. et al

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 5, 2013.

_____

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATE DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES GUIDRY                                         CIVIL ACTION

VERSUS                                               NO. 12-559-SDD-RLB

MURPHY OIL USA, INC. et al

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Before the Court is Plaintiff's Motion to Remand, filed on February 21, 2013. (R. Doc. 10).  Defendant removed Plaintiff's action on September 11, 2012, based on diversity jurisdiction. (R. Doc. 1).  On January 14, 2013, Chief District Judge Brian A. Jackson ordered the parties to brief the Court on whether the amount in controversy established diversity jurisdiction. (R. Doc. 7).  Defendants' Brief ("Brief") was due and filed on January 31, 2013. (R. Doc. 8).  Plaintiff had until February 21, 2013 to file his memorandum. (R. Doc. 7).  Plaintiff, however, filed a Motion to Remand ("Motion") on February 21, 2013. (R. Doc. 10).  Defendants timely filed an Opposition ("Opposition"). (R. Doc. 11).  Given the nature of Judge Jackson's Order, the Court considers all relevant briefing to determine whether the requisite amount in controversy is met. (R. Docs. 8, 10, 11).  For the reasons discussed below, **IT IS RECOMMENDED** that Plaintiff's Motion to Remand be **GRANTED**.

I.      BACKGROUND

Prior to removal, Plaintiff filed his lawsuit on August 9, 2012 in the 23rd Judicial District Court of Ascension Parish, Louisiana. (R. Doc. 1-1).  In this action, Plaintiff, James Guidry ("Plaintiff"), alleges injuries and damages sustained after he slipped and fell on a tile floor at

Defendant Murphy Oil's Gonzales, Louisiana store location. (R. Doc. 1-1 at 3).  According to Plaintiff, the fall injured his neck and his left arm, shoulder and elbow. (R. Doc. 1-1 at 4).  As a result of his injuries, Plaintiff claims damages for past, present and future: (1) physical pain and suffering; (2) mental pain, anguish and distress; (3) medical expenses; and (4) lost enjoyment of life. (R. Doc. 1-1 at 4).  Pursuant to state law, the categorical damages alleged in the Petition do not specify actual dollar amounts.  *See* La. C. Civ. P. art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief.").

## II.      ARGUMENTS OF THE PARTIES

Defendants advance three arguments to support its contention that the amount in controversy is satisfied.  First, Defendants argue it is "facially apparent from the Petition that the amount in controversy exceeds $75,000" in light of the "Fifth Circuit's decisions in *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) and *Pollet v. Sears Roebuck and Co.*, 46 Fed. Appx. 226, 2002 WL 1939917 (5th Cir. July 18, 2002)." (R. Doc. 11 at 2).  Second, Defendants suggest the Court "should ignore Plaintiff's *post hoc* attempt to defeat jurisdiction" because "Plaintiff's alleged 'stipulation' – which is unsworn and not in affidavit form – does not conform with the requirements for a stipulation . . . ." (R. Doc. 11 at 11).  Finally, Defendants find it notable that "Plaintiff did not include any allegation in his petition that the amount in controversy was less than $75,000, as is required by Article 893 of the Louisiana Code of Civil Procedure, if such were in fact the case." (R. Doc. 11 at 2).

Plaintiff's argument in favor of remand is simple: Plaintiff stipulates that his damages do "not exceed the sum of $74,999.99, exclusive of interest and costs" and Defendants failed "to meet [their] burden of proving that it is 'facially apparent' from the allegations of the plaintiff's petition that [his] damages exceed $75,000." (R. Doc. 10 at 1; R. Doc. 10-1 at 2). According to

Plaintiff, Defendants "summarily" repeat his damages and injuries "in a conclusory manner," which "standing alone, [is] insufficient to establish that the jurisdictional amount has been satisfied." (R. Doc. 10-1 at 2).

## II.   APPLICABLE LAW

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Whether subject matter jurisdiction exists at the time of removal is based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]"); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists).

## III.   DISCUSSION

### A.   Diversity of Citizenship

The general diversity statute, 28 U.S.C. § 1332(a), "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  According to his Petition, Plaintiff is "domiciled in Ascension Parish, State of Louisiana" (R. Doc. 1-1 at 2). *See Mas v. Perry*, 489 F.2d 1974 (5th Cir. 1974)

("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").  Defendant Murphy Oil USA, Inc., a corporation, represents its state of incorporation as Delaware and Arkansas as its principal place of business (R. Doc. 1 at 2). 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business").  Defendant Liberty Mutual Fire Insurance Company "is a Massachusetts corporation with its principal place of business in Massachusetts." (R. Doc. 1 at 2).  Based on the parties' representations, the Court finds that Plaintiff — a citizen of Louisiana — and Defendants — citizens of Delaware, Arkansas and Massachusetts — are completely diverse.

### B.      Amount in Controversy

Having established complete diversity of citizenship, the Court turns to a more difficult question: Whether the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  Pursuant to 28 U.S.C. §1446(c)(2), if removal is sought on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  However, if the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).  The removing defendant bears the burden of proof and may do so by: (1) showing "it is apparent from the face of the petition that the claims are likely to exceed $75,000;" or (2) establishing "summary judgment type evidence" to support a finding that the amount exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).  If the defendant is successful, the plaintiff seeking remand must "show that, as a matter of law, it is certain that he will not be able to recover more than the" statutory amount. *De Aguilar v. Boeing Co.*, 47 F.3d

1404, 1411 (5th Cir. 1995); *see also St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

Whatever the defendant's manner of proof, the jurisdictional facts must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). If, at the time of removal, it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, jurisdiction is established and subsequent events reducing the amount in controversy below $75,000 generally will not divest the court of diversity jurisdiction. *Gebbia*, 233 F.3d at 883; *Allen*, 63 F.3d at 1336 (post-removal amended complaint could not deprive the court of jurisdiction after it attached). This general rule, however, is inapplicable if the basis for jurisdiction is ambiguous at the time of removal. In that case, post-removal affidavits, stipulations and amendments may be considered in determining the amount in controversy. *Gebbia*, 233 F.3d at 883 (citing *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (abrogated on other grounds)).

### i.     Jurisdiction is not facially apparent from the Petition.

Defendants argue that Plaintiff's allegations of "injuries to his left arm, left shoulder, left elbow, and neck" which caused him to suffer past, present and future, "physical pain . . . mental pain, anguish and distress . . . medical expenses [and] . . . loss of enjoyment of life" make it "facially apparent" that the amount in controversy is met. (R. Doc. 11 at 6). In support, Defendants cite "the Fifth Circuit decisions in *Gebbia* and *Pollet*" for the proposition that the amount in controversy is "facially apparent" where the petition alleges these types of extensive "multiple injuries and damages." (R. Doc. 11 at 6).

A court's inquiry into whether the jurisdictional amount is facially apparent from a complaint with unspecified damages should focus on the types of injuries and damages alleged.

6

For example, in *Luckett v. Delta Airlines, Inc.*, the plaintiff alleged she became ill and was diagnosed with congestive heart failure, pulmonary edema and respiratory distress shortly after being hospitalized for a total of six days, and unconscious a portion of that time, because of the defendant's tortious conduct. 171 F.3d 295, 297 (5th Cir. 1999).  She later sued the airline in tort, seeking damages for "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework." *Id.* at 298. The Fifth Circuit, emphasizing the tortious nature of the plaintiff's claim and the types of damages she sought, held that the petition was facially sufficient to support removal jurisdiction. *Id.*

In *Simon v. Wal-Mart Stores, Inc.*, the plaintiff claimed that while "walking through the Wal–Mart parking lot, a car drove past her, and her purse, wrapped around her arm, was suddenly and unexpectedly grabbed . . . causing [her] to be dragged by the car the distance of several parking spaces." 193 F.3d 848, 849 (5th Cir. 1999) (alteration in original).  The plaintiff alleged she suffered a "severely injured shoulder, soft-tissue injuries throughout her body, bruises, [and] abrasions." *Id.* at 850.  She requested damages for past and future medical expenses and her husband claimed "reasonable damages for loss of consortium." *Id.* On appeal, the Fifth Circuit held it was not apparent from the face of the complaint that the amount in controversy exceeded the jurisdictional minimum.  The court distinguished *Luckett* on the grounds (1) that the *Luckett* plaintiff had alleged more severe injuries, (2) that she had done so with greater specificity, and (3) that she had alleged specific types of damages not sought in the case before it. *Id.* at 850-851 (noting that plaintiff's complaint "alleged, with little specificity," less severe injuries and requested "unspecified medical expenses").

In *Gebbia v. Wal-Mart Stores, Inc.*, the Fifth Circuit found the amount in controversy was facially apparent where the plaintiff claimed damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and *permanent disability* and *disfigurement*" resulting from "injuries to her right wrist, left knee, patella and upper and lower back." 233 F.3d at 881, 883 (emphasis added).  The Court compared the plaintiff's alleged damages to those in *Luckett* and *Simon* and found the plaintiff's "allegations support a substantially larger monetary basis to confer removal jurisdiction than the allegations reviewed in *Simon*." *Id.* at 883.

In *Pollet v. Sears Roebuck & Co.*, the plaintiff sued after sustaining "serious and painful injuries, including but not limited to severe injuries to her face, left elbow, left hand, and tail bone." 46 Fed. Appx. 226, at *2.  The state court petition further claimed the plaintiff:

> suffered severe physical pain and keen mental anguish, humiliation and embarrassment; and has required medical care for her injuries and serious residuals thereof, she has been disabled in her daily activities and has been handicapped in other activities; she has incurred medical expenses and loss [sic] sums of moneys that otherwise she would have earned, and she continues to have a diminished earnings capacity; she has sustained residual and permanent disabilities and impairments; she may require hospitalization and she will require medical care in the future; these conditions may continue, worsen, or become permanent.

*Id.* at *3 (alteration in original).  The plaintiff also sought "damages for past and future medical expenses, for past and future lost wages and lost earnings capacity, for pain, suffering and mental anguish, for disability and for the loss of life's pleasures." *Id.*  After reviewing its earlier decisions in *Gebbia* and *Simon*, the Fifth Circuit found the jurisdictional amount was facially apparent because the "allegations of injury and damages in [the] complaint, by their nature and severity, more closely resemble the allegations made by the plaintiff in *Gebbia* than the allegations made by the plaintiff in *Simon*." *Id.* at *4.

8

Defendants suggest that the amount in controversy is facially apparent because the "multiple injuries and damages" alleged in *Gebbia* and *Pollet* are "virtually indistinguishable from those at issue" here. (R. Doc. 11 at 6). Defendants also claim that Plaintiff's injuries are "more severe . . . than those at issue in *Simon*." (R. Doc. 11 at 6). Defendants further distinguish *Simon* based on the damages claimed. They argue the "damages in this case include past medical expenses **actually incurred** as opposed to the *Simon* plaintiff's merely conjectural alleged medicals." (R. Doc. 11 at 7).

Comparing *Gebbia* and *Pollet* to Plaintiff's case, the Court cannot overlook the fact that those plaintiffs both claimed injuries that would permanently affect their normal daily lives. In *Gebbia*, the plaintiff claimed to be permanently disabled and disfigured. 233 F.3d at 883. Likewise and contrary to Defendants assertions, the plaintiff in *Pollet* gave a detailed explanation of her severe injuries — she was "disabled in her daily activities" and "handicapped in other[s]," and she "sustained residual and permanent disabilities and impairments" that "may require hospitalization," would require future medical care and could "continue, worsen, or become permanent." 46 Fed. Appx. 226, at *3. These injuries, not alleged in the current case, would significantly increase the amount in controversy.

In Plaintiff's case, the Court finds that it is not facially apparent from the Petition that the necessary amount in controversy is present. Like the plaintiff in *Simon*, the types of damages claimed here are generic and not tied to any specific injuries from which the Court might be able to assess what a reasonable jury could award or which have been awarded for similar injuries in other cases. *See Simon*, 193 F.3d at 851 (complaint "described damages inadequately to support removal, i.e., with substantially less specificity than the description of damages in the complaint in *Luckett*."). Similar to the petition in *Simon*, Plaintiff's Petition is barren of any factual

allegations regarding the severity and extent of his injuries.  The only description of Plaintiff's injuries — in the Petition or anywhere else in the record — is that he "suffered injuries including, but not limited to . . . [his] left arm, left shoulder, left elbow, [and] neck."  (R. Doc. 1-1 at 4).  Equally as unreliable, Plaintiff's generic list of damages can be found in many personal injury cases.   Moreover, Plaintiff failed to identify any "emergency transportation, hospital stays, specific types of medical treatment . . . functional impairments, or disability, which damages, if alleged, would have supported a substantially larger monetary basis for federal jurisdiction." *Simon*, 193 F.3d at 851.  For these reasons, the Court concludes it is not facially apparent that the amount of damages would exceed $75,000.

> **ii.**      **Jurisdiction has not been established through summary judgment type evidence.**

Having found the amount in controversy not facially apparent, the Court may only exercise its subject matter jurisdiction if Defendants establish "facts in controversy . . . that support a finding of the requisite amount." *Allen*, 63 F.3d at 1335.  Defendants did not offer any description of Plaintiffs' injuries in their Notice of Removal, Brief or Opposition, nor did they submit Plaintiffs' medical records or any other evidence from which the nature and extent of the injuries could be assessed.  In light of Plaintiff's facially ambiguous Petition and Defendants' failure to introduce any evidence in support of diversity jurisdiction, the Court finds that Defendants have failed to demonstrate by a preponderance of the evidence that the amount in controversy requirement is met.

> **iii.**     **Plaintiff's failure to comply with article 893(A)(1) cannot, by itself, establish diversity jurisdiction.**

Defendants also draw the Court's attention to Plaintiff's failure to include a statement in his Petition that his damages are less than the amount necessary for diversity jurisdiction as

required in Louisiana by article 893(A)(1). (R. Doc. 3 at 4-5).  While Louisiana Code of Civil

Procedure article 893(A)(1) provides that no specific monetary amount of damages shall be

included in the petition, "if a specific amount of damages is necessary to establish . . . the lack of

jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the

claim exceeds or is less than the requisite amount is required."  Failure to include an allegation

pursuant to article 893(A)(1) is a factor the Court must consider, but alone it is not enough to

establish that the jurisdictional amount is satisfied.  *See Weber v. Stevenson*, No. 07-595, 2007

WL 4441261, at *4 (M.D. La. Dec. 14, 2007) ("the plaintiffs' failure to follow La. C. C. P. art.

893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of

the amount in controversy").

### iv.    Plaintiff's post-removal stipulation is not binding.

Generally, when the amount in controversy is ambiguous, a plaintiff may defeat

jurisdiction by submitting a binding stipulation or affidavit clarifying the amount of damages.

*See, e.g., ANPAC*, 988 F.2d at 565 (when the affidavit "clarif[ies] a petition that previously left

the jurisdictional question ambiguous," the court may consider it in determining whether remand

is proper); *McGlynn v. Huston*, 693 F. Supp. 2d 585, 596 (M.D. La. 2010) (properly considering

post-removal affidavit regarding the amount in controversy "since [defendant] failed to carry his

burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal*

*Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008)

("When the amount in controversy is ambiguous, as it is here, the nonremoving party may

submit [a post-removal] affidavit to clarify the amount of damages sought.").  Tucked into

Plaintiff's Motion for Remand is a statement explaining: "[T]he amount in controversy in this

matter does not exceed the sum of $74,999.99, exclusive of interest and costs, said stipulation being binding on the plaintiff." (R. Doc. 10 at 1).

The only way Plaintiff's stipulation would be binding, however, "is if, within that stipulation, [he] expressly renounced his right to recover in excess of $75,000.00" in state court. *McGlynn*, 693 F. Supp. 2d at 593 (plaintiff's stipulation was not binding because it failed to "provide that he will not accept more than [$75,000] in the event he is awarded that amount in state court"); *see also Printworks, Inc. v. Dorn Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994) (stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding). This is because a Louisiana state court can award all damages to which it feels a plaintiff is entitled, regardless of what is plead in the petition. *See* La. C. Civ. P. art. 862 ("a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings").

For that reason, the Court agrees with Defendants that Plaintiff's post-removal "stipulation" is not binding and alone would not suffice to divest this Court of jurisdiction had it existed at the time of removal. Nonetheless, Plaintiff's unbinding stipulation is immaterial where Defendants have failed to carry their burden of proof in establishing subject matter jurisdiction. *Printworks, Inc.*, 869 F. Supp. at 440 (when the nonremoving party's stipulation is not binding, "jurisdiction must be assessed with reference to all the evidence").

## IV.    RECOMMENDATION

For the reasons given above, it is the **RECOMMENDATION** of the United States Magistrate Judge that Plaintiff's Motion to Remand be **GRANTED**.

Signed in Baton Rouge, Louisiana, on August 5, 2013.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

12